IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PRESTON TUCKER BAUMANN,<br><br>Defendant. | CR 21-56-BLG-DLC<br><br>ORDER |

Before the Court is the United States' Unopposed Motion for Issuance of Preliminary Order of Forfeiture.  (Doc. 36.)   In the Indictment, the United States sought forfeiture of any property of the above-captioned person, pursuant to 18 U.S.C. § 924(d), as property used or intended to be used to facilitate the violations alleged in the indictment, or as proceeds of said violation.   Defendant Preston Tucker Baumann has now been adjudged guilty as charged in Count I of the Indictment.   (Doc. 37.)

Accordingly, IT IS ORDERED that the motion (Doc. 36) is GRANTED.

IT IS FURTHER ORDERED that based upon the plea of guilty by the defendant to the indictment, the United States is authorized and ordered to seize the following property:

1

- Ruger, model Security 9, 9 mm, semi-automatic pistol (S/N: 384-09127);

- Ruger, model LCP II, .380 caliber, semi-automatic pistol (S/N: 380074452);

- Fourteen (14) rounds of .380 caliber ammunition; and

- Twenty-five (25) rounds of 9 mm ammunition.

IT IS FURTHER ORDERED this property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 924(d).

IT IS FURTHER ORDERED that the aforementioned forfeited property is to be held by the United States in its secure custody and control.

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish at least once for three successive weeks in a suitable means of general circulation notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the

property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practical, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture, as a substitute for published notice as to those persons so notified.

IT IS FURTHER ORDERED that upon adjudication of all third-party interests, this Court will enter a final order of forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed and in any event this Order shall become final as to Mr. Baumann at sentencing and is incorporated into any judgment issued in this case pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B).

DATED the 9th day of November, 2021.

_____
Dana L. Christensen, District Judge
United States District Court