IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PRESTON TUCKER BAUMANN,<br><br>Defendant. | CR 21-56-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 62.)

On May 16, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 34 days imprisonment, followed by 34 months of supervised release.

**I.     Background**

In 2021, Defendant pled guilty to the offenses of prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and (g)(9). (Doc. 31.) On March 15, 2022, the Court sentenced him to 37 months imprisonment, to be followed by 3 years supervised release. (Doc. 46.) On February 28, 2024, the Court reduced his term of imprisonment to 30 months. (Doc. 56.)

1

Defendant began serving his term of supervised release on March 11, 2024.

On April 22, 2024, the United States Probation Office filed the petition now at issue. (Doc. 60.) The petition alleges that Defendant violated five conditions of supervised release, and provides a brief explanation of each violation. *Id*. Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 61.) Defendant was arrested on April 23, 2024 (Doc. 63), and made an initial appearance on April 25, 2024. (Doc. 64.)

## II.   Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Gillian Gosch. Benjamin Hargrove represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is IV, and the underlying offenses are class C felonies. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 6-12 months incarceration. Defendant

could also be sentenced to as much as 36 months supervised release, less any incarceration time imposed. Counsel for the parties agreed with those calculations.

The United States requested a sentence of 34 days, followed by supervised release. Defendant's counsel also requested a sentence of 34 days, followed by supervised release.

### III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 34 days imprisonment, followed by 34 months supervised release.

Defendant began his current term of supervised release under less-than-ideal circumstances. He had relapsed on methamphetamine, he was homeless, and he had no stable foundation to be successful on supervision. Predictably, he failed very quickly, and during the short time he was on supervision he accumulated several violations, primarily related to his relapse.

The parties agree that Defendant should be given the opportunity to receive inpatient treatment, and then start his supervised release in an environment where he will be held accountable and not permitted to associate with people who are using controlled substances.

Defendant has been accepted into Recovery Centers of Montana for inpatient substance abuse treatment with a placement date of May 27, 2024. The recommended custodial sentence reflects Defendant's time in custody between his arrest on April 23, 2024, and his placement at Recovery Centers of Montana on May 27, 2024. Upon the completion of his inpatient treatment, Defendant will be required to reside in a sober living home to facilitate his completion of outpatient treatment and assist with his transition into the community.

This proposal is in the best interest of Defendant and the public and will serve to the comply with the purposes in 3553(a). If Defendant receives inpatient treatment and is then placed in a sober living environment, it will hopefully deter further criminal conduct, it will protect the public from further crimes, and will provide Defendant with much needed correctional treatment.

After considering the Chapter 7 Policy Statements and all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, the Court concludes a sentence of 34 days imprisonment, followed by a term of 34 months supervised release, is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded of the right to object to these Findings

and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of supervised release that he refrain from unlawful use of a controlled substance, as alleged in Violation No. 1.

2. Defendant violated the condition of supervised release that he abstain from the consumption of alcohol, as alleged in Violation No. 2.

3. Defendant violated the condition of supervised release that he participate in and successfully complete a program of substance abuse treatment, as alleged in Violation No. 3.

4. Defendant violated the condition of supervised release that he work full time at a lawful type of employment and report any change in employment to the probation officer, as alleged in Violation No. 4.

5. Defendant violated the condition of supervised release that he participate in substance abuse testing, as alleged in Violation No. 5.

Accordingly, **IT IS RECOMMENDED** that:

    1.    The Court should revoke Defendant's supervised release and sentence Defendant to 34 months imprisonment, followed by a term of 34 months supervised release.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 16th day of May, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge