IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–56–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| PRESTON TUCKER BAUMANN, | |
| Defendant. | |

Before the Court is Defendant Preston Tucker Baumann's Motion for Early Termination of Supervision. (Doc. 86.) Neither the United States nor Mr. Baumann's United States Probation Officer object to his early termination. (Doc. 86 at 1–2.) The Motion will be granted.

**BACKGROUND**

Mr. Baumann was sentenced on March 15, 2022, to 37 months in the Bureau of Prisons to be followed by three years of supervised release after pleading guilty to prohibited person in possession of a firearm. (Doc. 46.) Supervision initially commenced on March 11, 2024. Thereafter, on May 16, 2024, following a hearing on a Petition to Revoke Supervised Release, Mr. Baumann was sentenced to 34 days in custody with 34 months supervised release to follow. (Docs. 73, 75, 80.)

1

## DISCUSSION

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Baumann began his 3-year term of supervised release on May 16, 2024, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Baumann's supervised release.  Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Baumann waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Mr. Baumann's supervised release is obviously favorable to him and the United States does not object. (Doc. 87.) Accordingly, the Court will dispose of this matter without a hearing.

2

protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Baumann's remaining term of supervised release. Mr. Baumann has been employed with Cadillac of Billings for two years. He is actively engaged in substance abuse treatment at South Central and has been sober since May 2024. Mr. Baumann credits his ongoing success with his strong social support network including his fiancée, his brother, and a circle of sober friends he developed through treatment. The Court wishes him luck.

Accordingly, IT IS ORDERED that the motion (Doc. 86) is GRANTED.

IT IS FURTHER ORDERED that Mr. Baumann's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 7th day of August, 2026.

Dana L. Christensen, District Judge
United States District Court